UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KODY LEE JUDD,

Petitioner,

v.

RYAN POWEL,

Respondent.

Case No. 3:26-cv-00708-ART-CLB

DISMISSAL ORDER

*Pro se* Petitioner Kody Lee Judd filed an Emergency Petition for Writ of Habeas Corpus and paid his filing fee. (ECF Nos. 1, 2.) The Court conducts an initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules") and dismisses the Petition, finding that it has not been filed under federal law, it is unexhausted, and federal abstention is required.

## I. DISCUSSION

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). Here, Judd's Petition, which challenges his ongoing detention at the Lyon County Jail, suffers from various procedural defects.

First, Judd brings his Petition under "Article 1, Section 5 of the Nevada Constitution and NRS Chapter 34.360." (ECF No. 1 at 1.) However, to pursue federal habeas relief, Judd would need to bring his Petition under federal law (28 U.S.C. § 2241 or 28 U.S.C. § 2254). Notably, Judd's Petition is captioned for the Third Judicial District Court of the State of Nevada in and for the County of Lyon,

so it is possible that he meant to file the Petition in state court.

Second, Judd has not alleged or demonstrated that he has fully exhausted his state court remedies.[1] Because a federal habeas petitioner incarcerated by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider his petition for habeas relief until he has properly exhausted his available state remedies for all claims raised. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). As a matter of simple comity, this Court is not inclined to intervene prior to giving the Nevada courts an opportunity to redress any violation of a state detainee's/prisoner's constitutional rights. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (explaining that the exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights").

Third, Judd seeks federal judicial intervention in a state criminal proceeding, which is simply not available to him. *Cf. e.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83–85 (9th Cir. 1980). The comity-based *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401

---

[1] This Court takes judicial notice of the online docket records of the Nevada appellate courts (http://caseinfo.nvsupremecourt.us/public/caseSearch.do).

U.S. 37, 53–54 (1971). The United States Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings). This case does not appear to present extraordinary circumstances.

**II. CONCLUSION**

It is therefore ordered that the Petition [ECF No. 1] is dismissed without prejudice. A certificate of appealability is denied, as jurists of reason would not find dismissal of the Petition for the reasons stated herein to be debatable or wrong.

It is further kindly ordered that the Clerk of Court enter final judgment dismissing this action and close this case.

DATED THIS 24th day of September 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE